IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GILBERT ARTEAGA, | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 07-1422 |
| | ) | |
| LOUIS FOLINO; COL. CAMPBELL; | ) | Judge Maruice B. Cohill, Jr. |
| BERTHLOTTE, CO II Correctional Officer | ) | Magistrate Judge Amy Reynolds Hay |
| Defendants | ) | |

REPORT AND RECOMMENDATION

I.  Recommendation

It is respectfully recommended that the above-captioned case be dismissed for failure to prosecute.

II. Report

On October 19, 2007, the plaintiff, Artega Folino, presented a civil rights complaint against Louis Folino, Col. Campbell and Col. Berthlotte, alleging that the defendants violated his constitutional rights by illegally eavesdropping on his conversation and then placing him in solitary confinement upon hearing threats made by plaintiff. Plaintiff did not submit the $350.00 filing fee, nor did he file a motion to proceed *in forma pauperis*.

On November 9, 2007, this Court issued an order directing plaintiff to pay the filing fee or file a motion to proceed *in forma pauperis*. Plaintiff failed to respond to the Court's Order and, therefore, on January 4, 2008, the Court issued an order to Show Cause why his case should not be dismissed upon his failure to prosecute. Rather than paying the filing fee or

submitting the appropriate pauper motion, Plaintiff responded by indicating that he was in the process of hiring attorneys who would, at some unspecified time but prior to the expiration of the statute of limitations, submit the filing fee and an amended complaint. On February 28, 2008, having received no filing fee and no request for pauper status, the Court issued an Order providing plaintiff with one final opportunity to pay the fee or file a motion to proceed *in forma pauperis*. In response, plaintiff sought a 90-day enlargement of time, stating that his "prospective" attorney and he would need time to amend his complaint and submit the fee or motion, while acknowledging that the instant case is subject to dismissal upon his past failures to pay the fee or request pauper status.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this Court's orders, which weighs heavily against him. Plaintiff submitted the instant lawsuit and it is solely his personal responsibility to follow the applicable rules and procedures to prosecute the action. This he has not done. Further, his continuing failure to comply with the Court's orders over the period of nearly five months appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's orders -- because the complaint has not been formally filed and, thus, service has not been effected, there appears to be no specific prejudice to defendants other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendants may have meritorious defenses. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the plaintiff is incarcerated and apparently without funds to pay the filing fee, it does not appear that monetary sanctions are appropriate. Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, plaintiff is permitted to file written objections by [ ] in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/  *Amy Reynolds Hay*
                                             United States Magistrate Judge


Dated:  11 March, 2008



cc:     Hon. Maurice B. Cohill, Jr.
        United States District Judge

        Gilbert Arteaga
        GC-3018
        SCI Greene
        175 Progress Drive
        Waynesburg, PA 15370